1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL H. KING (Admitted)
SPENCER R. WOOD (Admitted *Pro Hac Vice*)
LEBOEUF, LAMB, GREENE & MACRAE LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 3700
Chicago, Illinois 60601
Telephone: (312) 794-8000
Facsimile: (312) 794-8100

SETH W. WIENER (State Bar No. 203747)
LEBOEUF, LAMB, GREENE & MACRAE LLP
One Embarcadero Center, Suite 400
San Francisco, CA  94111-3619
Telephone: (415) 951-1100
Facsimile:  (415) 951-1180

Attorneys for Plaintiff
EDO Reconnaissance and Surveillance Systems, Inc.

\*\*E-filed 1/19/06\*\*

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

EDO RECONNAISSANCE AND
SURVEILLANCE SYSTEMS, INC., a Delaware
Corporation,

Plaintiff,

v.

PHOENIX LOGISTICS, INC.

Defendant.

Case No. C 05-02789 JF

**STIPULATION AND ~~PROPOSED~~
ORDER GRANTING EDO
RECONNAISSANCE AND
SURVEILLANCE SYSTEMS, INC.
LEAVE TO FILE FIRST AMENDED
COMPLAINT**

WHEREAS, on or about November 22, 2005, Plaintiff EDO Reconnaissance and

Surveillance Systems, Inc. filed a Motion for Leave to File First Amended Complaint (the

"Motion");

WHEREAS, Defendant Phoenix Logistics, Inc. does not oppose the Motion;

IT IS HEREBY STIPULATED by and between Plaintiff EDO Reconnaissance and

Surveillance Systems, Inc. and Defendant Phoenix Logistics, Inc. that Plaintiff EDO Reconnaissance

and Surveillance Systems, Inc.'s First Amended Complaint is deemed filed as of the date of the

Court executes the attached Order, and that the January 20, 2006 hearing date for the Motion is

vacated.

1

1    SO STIPULATED:

2

3    Dated: January 17, 2006                    LEBOEUF, LAMB, GREENE & MACRAE LLP

4
                                                By: _____
5                                                   Seth W. Wiener
                                                    Attorney for Plaintiff EDO RECONNAISSANCE
6                                                   AND SURVEILLANCE SYSTEMS, INC.,

7

8    Dated: January 17, 2006

9                                               By: _____

10                                                  Mark L. Venardi
                                                    Attorney for Defendant Phoenix Logistics, Inc.
11

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28
                                                      2
     STIPULATION AND ORDER GRANTING EDO RECONNAISSANCE AND SURVEILLANCE SYSTEMS, INC. LEAVE TO FILE FIRST
                                              AMENDED COMPLAINT

1    IT IS HEREBY ORDERED that EDO Reconnaissance and Surveillance System, Inc.'s

2  Motion for Leave to File First Amended Complaint is granted, and the First Amended Complaint (a

3  true and correct copy of which was attached thereto as Exhibit A) is deemed filed as of the date of

4  the Order.

5    IT IS FURTHER ORDERED that the January 20, 2006 hearing date on EDO

6  Reconnaissance and Surveillance System, Inc.'s Motion for Leave to File First Amended Complaint

7  is hereby vacated.

8    SO ORDERED:

9

10

11  Dated: January 19, 2006

United States District Court Judge Jeremy Fogel

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

3

# EXHIBIT A

1  MICHAEL H. KING (Admitted)
2  SPENCER R. WOOD (Admitted *Pro Hac Vice*)
   LEBOEUF, LAMB, GREENE & MACRAE LLP
   Two Prudential Plaza
3  180 North Stetson Avenue, Suite 3700
   Chicago, Illinois 60601
4  Telephone: (312) 794-8000
   Facsimile: (312) 794-8100

5  SETH W. WIENER (State Bar No. 203747)
6  LEBOEUF, LAMB, GREENE & MACRAE LLP
   One Embarcadero Center, Suite 400
7  San Francisco, CA  94111-3619
   Telephone: (415) 951-1100
8  Facsimile:  (415) 951-1180

9  Attorneys for Plaintiff
   EDO Reconnaissance and Surveillance Systems, Inc.

10            **IN THE UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                    **SAN JOSE DIVISION**

13  EDO RECONNAISSANCE AND                    Case No. C 05-02789 JF
    SURVEILLANCE SYSTEMS, INC., a Delaware
14  Corporation,                              **FIRST AMENDED COMPLAINT AND**
                                              **DEMAND FOR JURY TRIAL**
15                    Plaintiff,

16              v.

17  PHOENIX LOGISTICS, INC., an Arizona
    Corporation, RAYMOND BELLEFEUILLE, an
18  individual, and CLAIRE BELLEFEUILLE, an
    individual,
19
                      Defendants.
20

21         Plaintiff EDO Reconnaissance and Surveillance Systems, Inc. ("EDO RSS"), by and through

22  its attorneys, for its First Amended Complaint and Demand for Jury Trial ("Complaint") against

23  Defendants Phoenix Logistics, Inc. ("PLI"), Raymond Bellefeuille, and Claire Bellefeuille, hereby

24  alleges the following:

25                               **PARTIES**

26         1.        EDO RSS is a corporation organized under the laws of the State of Delaware with its

27  principal place of business in Morgan Hill, California.  EDO RSS is in the business of manufacturing

28  antennas, receivers, signal processors, digitizers, signal analysis, software packages and integrated

                                              1

1    systems for Electronic Intelligence, Electronic Supportmeasures, Electronic Countermeasures, and

2    Signal Intelligence applications.

3          2.       PLI is a corporation organized under the laws of the State of Arizona with its

4    principal place of business in Tempe, Arizona.  PLI is in the business of manufacturing and servicing

5    high technology components for defense related electronic warfare systems.

6          3.       Raymond Bellefeuille is and was the President of PLI at all times relevant to this

7    Complaint.  As the President of PLI, Raymond Bellefeuille had overall responsibility for all aspects

8    of PLI's business and management decisions.  On information and belief, Raymond Bellefeuille was

9    at all times, and presently is, domiciled in Arizona.

10         4.       Claire Bellefeuille is and was the wife of Raymond Bellefeuille at all times relevant

11   to this Complaint.  On information and belief, Claire Bellefeuille was at all times, and presently is,

12   domiciled in Arizona.

13         5.       On information and belief, at all material times, Raymond Bellefeuille and Claire

14   Bellefeuille owned all of the stock of PLI, treated the assets of PLI as their own, diverted PLI's

15   funds and assets to other than corporate uses, failed to adequately capitalize PLI, and failed to

16   maintain an arm's length relationship between PLI and themselves, and used PLI as a shield against

17   personal liability.  An injustice to EDO RSS would result if the Court does not pierce PLI's

18   corporate veil, and hold its owners, Raymond Bellefeuille and Claire Bellefeuille, liable for PLI's

19   debts.

20                                   **JURISDICTION**

21         6.       At all material times, PLI either engaged in business in California or directed tortious

22   activities at EDO RSS in Morgan Hill, California.  At all material times, Raymond Bellefeuille and

23   Claire Bellefeuille, through their alter ego, PLI, either engaged in business in California or directed

24   tortious activities at EDO RSS in Morgan Hill, California.

25         7.       Jurisdiction is appropriate in this action under 28 U.S.C. §1332(a) because EDO RSS

26   is a Delaware Corporation with its principal place of business in Morgan Hill, California, and PLI is

27   an Arizona corporation with its principal place of business in Tempe, Arizona, Raymond Bellefeuille

28   is an individual domiciled in Arizona and Claire Bellefeuille is an individual domiciled in Arizona,

                                         2

1   and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2   **INTRADISTRICT ASSIGNMENT**

3        8.     Venue is appropriate in the Northern District of California, San Jose Division, under

4   28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim

5   occurred in San Jose and Morgan Hill, California, and because PLI, Raymond Bellefeuille and

6   Claire Bellefeuille are subject to personal jurisdiction in this district by virtue of committing tortious

7   acts that were directed at a California resident in this district.

8   **FACTS**

9        9.     On or about July 26, 2002, pursuant to § 343 of the United States Bankruptcy Code,

10   EDO RSS acquired substantially all of the assets of Condor Systems, Inc. ("Condor").  Among the

11   assets acquired was a Manufacturing License Agreement ("MLA") between Condor and PLI.  A true

12   and accurate copy of the MLA is attached hereto as Exhibit A.

13        10.     In or about the Fall of 2001, Condor provided to PLI certain documentation,

14   inventory, test fixtures, drawings and file cabinets full of information (hereinafter, "Data and

15   Materials"), based on the understanding that such Data and Materials would be shipped to PLI's

16   Arizona facility and cataloged by PLI.

17        11.     In or about February 2003, EDO RSS began to experience problems with PLI under

18   the MLA.  On February 28, 2003, David McIntire of EDO RSS sent a letter to PLI's President,

19   Raymond Bellefeuille, concerning the deficiencies in PLI's performance under the MLA.

20   Specifically, PLI failed to provide EDO RSS with: (1) an exhaustive list of its Data and Materials as

21   required by Paragraph 4.4 of the MLA; (2) information regarding PLI's usage of its Data and

22   Material as required by Paragraph 4.2(k) of the MLA; (3) a royalty report as required by Paragraph

23   5.3 of the MLA; and (4) assurances that PLI would continue to protect EDO RSS's rights as required

24   under Paragraphs 4.2(h) and 6 of the MLA.  EDO RSS asked PLI to immediately comply with those

25   provisions.

26        12.     In or about April 2003, EDO RSS next discovered that PLI had conducted repairs on

27   EDO RSS products that were not covered by the MLA.  As a result, on April 17, 2003, David

28   McIntire of EDO RSS sent a letter to Raymond Bellefeuille of PLI requesting payments for the

1   unauthorized use of EDO RSS's inventory and directing PLI to cease from effecting repairs on EDO

2   RSS products that PLI was not licensed to service under the MLA.

3       13.     On May 29, 2003, David McIntire sent a letter to Raymond Bellefeuille notifying him

4   that PLI was in material breach of the MLA for failing to timely pay royalties and provide quarterly

5   updates of Data and Material used by PLI.

6       14.     Then, on February 2, 2004, EDO RSS notified PLI that it was again in material

7   breach of the MLA.  Specifically, EDO RSS informed PLI that it was in material breach for: (1) the

8   failure to pay royalties due in the Fourth Quarter of 2003; (2) the lack of ISO-9001 certification for

9   its San Jose facility; (3) the failure to provide quarterly updates of the Data and Materials used by

10  PLI in the performance of contracts; and (4) the failure to provide a list of open contracts under the

11  MLA.

12      15.     PLI failed to cure all of the breaches identified in the letter dated February 2, 2004.

13  As a result, EDO RSS terminated the MLA on March 4, 2004.

14      16.     Upon termination of the MLA, PLI was required to complete work on orders that

15  were outstanding as of the termination date.  EDO RSS demanded that PLI perform the outstanding

16  work and return to EDO RSS all Data and Materials not required for completion of the outstanding

17  work.

18      17.     PLI has failed and refused to perform the work that was outstanding as of the

19  termination of the MLA.  In fact, PLI terminated the employment of the people who had the

20  knowledge necessary to perform the outstanding work.  PLI's refusal to perform the work was and is

21  unjustifiable and in bad faith.

22      18.     In addition to refusing to perform the outstanding work, PLI also retained possession

23  of the EDO RSS Data and Materials and the EDO RSS equipment that is required to perform the

24  work.  Accordingly, PLI both refused to perform the outstanding work and prevented EDO RSS

25  from performing the work by withholding EDO RSS property.  PLI's refusal to return EDO RSS

26  Data and Material and EDO RSS equipment was unjustifiable and in bad faith.

27      19.     EDO RSS maintains business relationships with customers who were being serviced

28  by PLI under the MLA.  EDO RSS has a reasonable expectation of future business with its

1 customers. At all material times, PLI was aware of EDO RSS's relations with its customers and its

2 reasonable expectation of future business.

3       20.    EDO RSS develops new electronic warfare systems with the intention of selling such

4 systems to its customers. PLI is aware that EDO RSS develops new electronic warfare systems and

5 that EDO RSS intends to sell such systems to EDO RSS customers.

6       21.    In order to remain competitive in the market for new electronic warfare systems, it is

7 essential that EDO RSS maintain its reputation for providing support to customers that buy EDO

8 RSS electronic warfare systems. PLI is aware that EDO RSS has a significant business interest in

9 maintaining this reputation for product support.

10       22.    Although EDO RSS licensed PLI to perform product support work for the systems

11 identified in the MLA, customers ultimately look to EDO RSS as the party responsible for

12 maintaining product support for those systems. PLI is aware that the customers it served under the

13 MLA ultimately hold EDO RSS responsible for maintaining product support for the systems

14 identified in the MLA.

15       23.    By failing and refusing to provide the maintenance and repair work, and by

16 preventing EDO RSS from performing the maintenance and repair work, PLI has damaged the

17 customer relations between EDO RSS and its customers who have systems identified in the MLA.

18 PLI knew that it was damaging relations between EDO RSS and its customers, and PLI intended to

19 so damage those customer relations. PLI's actions were wanton, malicious, and without

20 justification.

21       24.    On information and belief, in or about November and May 2001, Condor entered into

22 two (2) orders for power supplies, VCOs and frequency discriminators with the Portuguese Navy

23 (attached hereto as Exhibit B).

24       25.    On or about August 14, 2003, EDO RSS awarded PLI a Purchase Order worth

25 $378,000 for fifteen (15) power supplies, two (2) VCOs and four (4) frequency discriminators in

26 connection with Condor's two (2) purchase orders with the Portuguese Navy.

27       26.    Upon information and belief, at the request of PLI Arizona, PLI's San Jose

28 representatives approached EDO RSS to request early payments for the Purchase Order concerning

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1  the Portuguese Navy.  Specifically, the purchase order included a line item for non-recurring

2  engineering ("NRE").  According to PLI's representatives, PLI was experiencing financial

3  difficulties and needed an early payment of the NRE in order to satisfy the vendor, who was to

4  redesign a product that was deliverable under the Purchase Order with EDO RSS.  PLI further

5  represented that, upon receipt of the NRE from EDO RSS, it would immediately provide the NRE to

6  the vendor.  As a result, on or about October 1, 2003, EDO RSS agreed to add the NRE to its

7  Purchase Order with PLI.

8       27.     EDO RSS agreed to the advance payment of the NRE and paid PLI $170,000.

9  **COUNT I**

10  **(TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)**

11       28.     EDO RSS incorporates and re-alleges herein the allegations set forth in paragraphs 1

12  through 27.

13       29.     EDO RSS had an economic relationship with the customers that were being serviced

14  under the MLA, and had a reasonable expectation of continued business with those customers

15  beyond the work identified in the MLA.

16       30.     At all material times, PLI knew of the economic relationships between EDO RSS and

17  its customers.  At all material times, Raymond Bellefeuille and Claire Bellefeuille, through their

18  alter ego, PLI, knew of the economic relationships between EDO RSS and its customers.

19       31.     EDO RSS is informed and believes that PLI, Raymond Bellefeuille, and Claire

20  Bellefeuille  intended to and did interfere with EDO RSS's relationships with customers by: (a)

21  terminating the employment of employees with knowledge necessary to perform the work that was

22  outstanding as of the time the MLA was terminated; (b) wrongfully refusing to perform outstanding

23  work; and (c) by wrongfully refusing to return EDO RSS Data and Materials and EDO RSS

24  equipment that would have allowed EDO RSS to perform the outstanding work.

25       32.     Defendants' wrongful acts were willful and malicious, and were intended to and did

26  disrupt EDO RSS relationships with its customers.

27       33.     Defendants' wrongful acts proximately caused the damage and disruption to the

28  relationships suffered by EDO RSS.

6

34.     As a direct and proximate result of Defendants' wrongful acts, EDO RSS has suffered damages in an amount to be proven at trial.

## COUNT II

### (BREACH OF CONTRACT)

35.     EDO RSS incorporates and re-alleges herein the allegations set forth in paragraphs 1 through 34.

36.     PLI, and Raymond Bellefeuille and Claire Bellefeuille, through their alter ego, PLI, were obligated by purchase orders from EDO RSS to deliver VCOs and frequency discriminators by June 30, 2004.

37.     EDO RSS has performed all of its obligations under the purchase orders (attached hereto as Exhibit B).

38.     Defendants failed to deliver the VCOs and frequency discriminators by June 30, 2004, and therefore breached the agreement.

39.     Although EDO RSS has repeatedly requested assurances from Defendants that they will fulfill their obligations under the Purchase Order, Defendants have refused to provide any such assurances.

40.     As a direct and proximate result of Defendants' breach, EDO RSS has been damaged in an amount of $170,000.00, plus interest, and an additional amount to be determined at trial.

WHEREFORE, EDO RSS PRAYS FOR RELIEF AS FOLLOWS:

### PRAYER FOR RELIEF

Pursuant to Count I, EDO RSS prays for all compensatory and punitive damages, attorneys fees, and costs, and for such other relief as the Court deems fair and just;

Pursuant to Count II, EDO RSS prays for all compensatory damages, attorneys' fees, and costs, and for such other relief as the Court deems fair and just; and

JURY TRIAL DEMANDED.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1   Dated:  January 17, 2006

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEBOEUF, LAMB, GREENE & MACRAE LLP

By: _____

Seth W. Wiener
Attorney for Plaintiff EDO RECONNAISSANCE
AND SURVEILLANCE SYSTEMS, INC.,

8

1

**PROOF OF SERVICE**

2

I, Serena H. Chobanian, declare:

3

I am employed in the City and County of San Francisco, California.  I am over the age of

4

eighteen and not a party to the within cause; my business address is LeBoeuf, Lamb, Greene &

5

MacRae, L.L.P., One Embarcadero Center, Fourth Floor, San Francisco, California 94111.  On

6

January 17, 2006, I caused to have served the following document(s) in the manner indicated on

7

the below-named parties and/or counsel of record:

8

• **STIPULATION AND PROPOSED ORDER GRANTING EDO**

9

**RECONNAISSANCE AND SURVEILLANCE SYSTEMS, INC.**
**LEAVE TO FILE FIRST AMENDED COMPLAINT**

10

[X]     U.S. Mail, with First Class postage prepaid and deposited in sealed envelopes at

11

San Francisco, California.
[  ]     Federal Express

12

[X]     Facsimile transmission
[  ]     Electronic Filing

13

[  ]     Email

14

15

Mark L. Venardi
H. Larry Elam III

16

Venardi – Elam LLP
The Ordway Building, Suite 445

17

One Kaiser Plaza
Oakland, CA 94612

18

Tel:  (510) 452-4300
Fax:  (510) 452-4303

19

mvenardi@vetrialattys.com

20

21

I declare under penalty of perjury under the laws of the State of California that the

22

foregoing is true and correct and that I am readily familiar with this firm's practice for the

23

collection and processing of documents for mailing with the U.S. Postal Service and the

24

collection and processing of correspondence with Federal Express, and the transmittal of

25

facsimile and that this declaration was executed on January 17, 2006, at San Francisco,

26

California.

27

28

_____
Serena H. Chobanian

SF 208197.1 11937 00001